Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XI

| EL PUEBLO DE PUERTO RICO<br>Recurrido<br><br>v.<br><br>RAFAEL MARTÍNEZ VENERO<br>Peticionario | KLCE202300504 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Crim. Núm. ISCR202300080<br><br>Por:<br>Rebaja de Fianza |
|---|---|---|

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez Adames Soto y la Jueza Martínez Cordero

Adames Soto, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de junio de 2023.

Comparece el señor Rafael Martínez Venero (señor Martínez Venero o peticionario), mediante recurso de *certiorari*, solicitando que revoquemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI), el 8 de marzo de 2023.[1] Habiendo el peticionario instado una solicitud de rebaja de fianza ante el TPI, dicho foro primario la acogió, por lo que ordenó que la fianza originalmente impuesta de $2,500,000.00, sin el beneficio del del 10%, fuera rebajada a $1,200,000.00, sin el beneficio del 10%.

A pesar de la rebaja en la fianza efectuada por el TPI, en la cantidad indicada en el párrafo que antecede, el peticionario continúa inconforme con la suma final impuesta, por lo que acude ante nosotros.

Evaluados los asuntos presentados, determinamos *denegar* la expedición del recurso de *certiorari.*

---

[1] Notificada el 14 de marzo de 2023.

## I. Resumen del tracto procesal

Por hechos ocurridos el 16 de abril de 2021, el Ministerio Público presentó sendas denuncias contra el señor Martínez Venero, por alegada infracción al Artículo 93(a) del Código Penal, (asesinato en primer grado), 33 LPRA sec. 5142; al Artículo 244 del Código Penal, (conspiración) 33 LPRA sec. 5334; y a los Artículos 6.14(a) (disparar o apuntar armas de fuego), 25 LPRA sec. 466(m); 6.22 (fabricación, distribución, posesión y uso de municiones), 25 LPRA sec. 466u, y el artículo 6.09, (portación, posesión o uso ilegal de armas largas semiautomáticas, automáticas o escopeta de cañón cortado), 25 LPRA 466h, todos de la Ley de Armas de Puerto Rico de 2020, Ley Núm. 168-2019, según enmendada. Se le imputó haber cometido dichos delitos en concierto y común acuerdo con los señores José Manuel Díaz González C/P J; Cristian Joel Rodríguez Marrero, C/P Blanquito; y Luis Enrique Crespo Cumba C/P la L.

Ante ello, el 1 de marzo de 2023, el TPI determinó causa probable para arresto contra el peticionario por cada uno de los delitos imputados, fijándole una fianza total de $250,000,000.00, sin el beneficio del 10%. En específico, se fijó una fianza de $200,000.00 en cada uno de los delitos imputados al amparo de la Ley de Armas; $1,000,000.00 por el delito de asesinato en primer grado y; $500,000.00 por el delito de conspiración. El peticionario no pudo prestar la fianza, por lo cual fue sumariado.

En desacuerdo con la fianza impuesta, el 6 de marzo de 2023, el señor Martínez Venero presentó *Moción de Rebaja de Fianza.* Como fundamento para su solicitud, el peticionario adujo no tener recursos suficientes para prestar la fianza impuesta, sugiriendo que se le rebajara a $90,000.00.

En consecuencia, el foro primario inmediatamente pautó para la celebración de una vista sobre petición de rebaja de fianza. El 8 de marzo

de 2023 fue celebrada dicha vista, en la que el peticionario presentó el testimonio de las siguientes testigos: Luisa Venero Martínez, Tatiana Martínez Mercado y Melinda Ribot. Luego de ponderada la prueba desfilada, el TPI declaró Con Lugar la solicitud de rebaja de fianza, rebajándola a $1,200,000.00, sin el beneficio del 10%.

Inconforme aún con la rebaja en fianza concedida, el 21 de marzo de 2023, el señor Martínez Venero presentó *Moción en Solicitud de Reconsideración de Rebaja de Fianza.* En esencia, alegó que de la prueba testifical presentada en la vista, surgía que el peticionario y su familia no tenían los recursos para pagar una fianza de $1,200,000.00. Asimismo, sostuvo que carecía de récord penal previo, ni alegaciones de incumplimiento al Tribunal. Señaló que la prueba presentada también estableció que cuenta con recursos familiares suficientes para que se encarguen de su supervisión, y que no existe razón para pensar que alguno de los testigos estuviese en peligro, si es que este estuviese bajo fianza. A tenor, solicitó que se le impusiera la fianza de $90,000.00, antes sugerida, para poder contratar los servicios de una compañía de fianza, considerando la posibilidad de aportar el 10% de la totalidad.

El 28 de marzo de 2023, el TPI declaró No Ha Lugar la *Solicitud de Reconsideración de Rebaja de Fianza.*

Es así que, el peticionario recurre ante nosotros, mediante recurso de *certiorari,* haciendo el siguiente señalamiento de error:

> Erró el TPI al declarar No Ha Lugar la Moción en Solicitud de Reconsideración de Rebaja de Fianza de plano. Esta determinación representa un claro abuso de discreción violando de esta manera el derecho a la presunción de inocencia del Peticionario y la imposición de fianzas excesivas.

El 9 de junio de 2023, la Oficina del Procurador General presentó *Escrito en Cumplimiento de Resolución,* oponiéndose a la solicitud de rebaja adicional promovida por el peticionario.

Contando con la comparecencia de las partes, pasamos a exponer la normativa jurídica.

## II. Exposición de Derecho

### A. El recurso de *certiorari*

El auto de *certiorari* permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *800 Ponce de León Corp. v. American International Insurance,* 205 DPR 163, 174 (2020); *Municipio Autónomo de Caguas v. JRO Construction,* 201 DPR 703, 710 (2019); *Medina Nazario v. McNeil Healthcare LLC.,* 194 DPR 723, 728 (2016). Es, en esencia, un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *García v. Padró,* 165 DPR 324, 334 (2005). La expedición del auto descansa en la sana discreción del tribunal y encuentra su característica distintiva, precisamente, en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Municipio Autónomo de Caguas v. JRO Construction,* supra, en la pág. 711*; IG Builders et al. v. BBVAPR,* 185 DPR 307, 338 (2012).

Dispone la Ley Núm. 201–2003, Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, en su Art. 4.006 (b), que nuestra competencia como Tribunal de Apelaciones se extiende a revisar discrecionalmente órdenes y resoluciones emitidas por el Tribunal de Primera Instancia. Al amparo de lo anterior, nuestro Tribunal Supremo ha manifestado, en lo pertinente, que la parte afectada por alguna orden o resolución interlocutoria en un proceso penal, puede presentar un recurso de *certiorari* mediante el cual apele el dictamen interlocutorio del foro primario. *Pueblo v. Román Feliciano,* 181 DPR 679, 690 (2011). Cónsono con lo cual, en los casos atendidos bajo el proceso criminal, la

expedición de un auto de *certiorari* debe evaluarse a la luz de los criterios enumerados por la Regla 40 de nuestro Reglamento, según la cual:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.
>
> 4 L.P.R.A. Ap. XXII-B, R. 40.

En síntesis, la citada Regla exige que, como foro apelativo, evaluemos si alguna de las circunstancias enumeradas está presente en la petición de *certiorari.* De observarse alguna de estas, entonces podríamos ejercer nuestra discreción e intervenir con el dictamen recurrido.

Con todo, o a pesar de que reconozcamos algunas de las situaciones previstas en la Regla 40, *supra,* —que nos habilitaría para expedir el certiorari—, la determinación sobre su expedición sigue siendo una discrecional. Según lo explicó nuestro Tribunal Supremo, *la amplitud del recurso moderno de certiorari no significa que sea equivalente a una apelación, pues sigue siendo discrecional y los tribunales debemos utilizarlo con cautela y por razones de peso. Pueblo v. Díaz De León,* 176 DPR 913, 918 (2009). A lo que cabe añadir, que el ejercicio adecuado de la discreción judicial está indefectiblemente atado al concepto de la

razonabilidad. *Pueblo v. Ortega Santiago,* 125 DPR 203, 211 (2001). Es decir, la discreción judicial es *forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Íd.*

### III. Aplicación del Derecho a los hechos

Según señalamos en la Exposición de Derecho, para acceder a una solicitud de expedición del recurso extraordinario de *certiorari,* se requiere que auscultemos si la situación planteada se ajusta a una enmarcada dentro de los criterios enumerados en la Regla 40 de nuestro Reglamento, *supra,* que justifique nuestra intervención en asuntos interlocutorios. Sin embargo, de un examen de dichos criterios no apreciamos o advertimos las circunstancias que pudieran permitir nuestra intervención en este caso. Examinada la actuación del foro primario, no apreciamos que acontezcan las circunstancias que nos muevan a expedir el auto solicitado para intervenir en la determinación del foro primario.

Al decir lo anterior, valga resaltar que el peticionario no presentó una transcripción de los testimonios desfilados en la vista de rebaja de fianza, ni algún otro medio de reproducción de la prueba. Es de ver que la discusión del error planteado ante nosotros por el señor Martínez Venero, alude directamente a la apreciación y suficiencia de la prueba que tuvo ante su consideración el TPI, antes de que emitiera la determinación cuya revocación se pretende.

Según es sabido, los tribunales apelativos no debemos intervenir con las determinaciones de hecho del foro recurrido cuando no tenemos forma de evaluar la evidencia presentada debido a que la parte concerniente no reprodujo la prueba. *Camacho v. AAFET*, 168 DPR 66, (2006); *Benítez Guzmán v. García Merced,* 126 D.P.R. 302, 308 (1990). En estos casos se impone un respeto al aquilatamiento de credibilidad del foro recurrido en consideración a que "solo tenemos … récords mudos e

inexpresivos. Esas apreciaciones deben ser objeto de gran deferencia en ausencia de circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto que nos mueva a intervenir". *Camacho v. AAFET*, supra; *Pérez Cruz v. Hosp. La Concepción*, 115 D.P.R. 721, 728 (1984). La ausencia de la transcripción de la prueba nos priva de considerar si medió un error manifiesto en la aquilatación de la misma por el foro recurrido, que nos permitiera revisar la *Resolución* recurrida. Le correspondía al peticionario ponernos en posición de revisar su caso, ante la ausencia de la prueba presentada, corresponde mostrar deferencia a la determinación del TPI. *Camacho v. AAFET*, supra.

En definitiva, no observamos error manifiesto en la determinación recurrida o abuso de discreción que justifiquen nuestra intervención con el curso decisorio adoptado por el foro recurrido.

**IV.  Parte dispositiva**

Por las razones expuestas, se *deniega* la expedición del auto de *certiorari* solicitado.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones